IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GLORIA J. MCCULLUM                                                                    PLAINTIFF

V.                                                                           CAUSE NO. 4:07CV181-P-B

GREENVILLE PUBLIC SCHOOL DISTRICT                                         DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the application of Gloria McCullum for leave to file suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq.*, without payment of fees, costs, or security and for appointment of counsel. Having conducted an initial screening of the Complaint submitted for filing, the undersigned recommends that McCullum's motions be denied and that her claims be dismissed *sua sponte*.

Title VII requires an aggrieved party to file an administrative charge of discrimination prior to filing suit. *See Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D.Tex. 2003) ("A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. Exhaustion occurs when an individual files a timely Charge of Discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue."). A Title VII plaintiff must file a charge of discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If a plaintiff does not file before this time elapses, then he or she fails to exhaust Title VII's administrative remedies, and the plaintiff is procedurally barred from bringing a lawsuit in court. *See Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Webb v. Cardiothoracic Surgery Associates of N. Tex., P.A.*, 139 F.3d 532, 537 (5th Cir.1998).

In this case, McCullum's Charge of Discrimination was received by the EEOC on July 19, 2007, almost a year after the last act of alleged discrimination occurred. On July 20, 2007, the EEOC issued its Dismissal and Notice of Rights to McCullum, indicating that the file on her charge was being closed because she failed to timely file her Charge. Based on this, the Court concludes that McCullum's claims are time barred because she did not file her EEOC charge within the 180-day limitations period for filing a charge with the EEOC. Therefore, it is my recommendation that McCullum's motions to proceed *in forma pauperis* and for appointment of counsel be denied and that this case be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 5th day of November, 2007.

                                                  **/s/ Eugene M. Bogen**
                                                  **U. S. MAGISTRATE JUDGE**